THE PEOPLE OF THE STATE OF NEW YORK, Appell-
ANT, *v.* THE ALBANY AND VERMONT RAILROAD
COMPANY, Respondent.

*Action to dissolve a corporation — proper parties to — Code of Civil Procedure,*
§ 452.

Where an action is brought by the people to dissolve a corporation and forfeit
its rights, privileges and franchises, one to whom it has leased property to be
held during the term of its corporate existence, has no right to apply to be
made a party defendant, under section 452 of the Code of Civil Procedure, in
order to contest the forfeiture of its franchises.

*Semble,* that, where one corporation has legally assigned some of its franchises
to another, such franchises can only be annulled in an action against the cor-
poration to which they have been assigned.

Appeal from an order of the Rensselaer County Special Term,
requiring the plaintiff to make the Troy and Boston Railroad
Company a party defendant to this action.

In and prior to the year 1860, the defendant owned and operated
a railroad from the city of Albany to Eagle Bridge, in the county
of Rensselaer. On or about the 1st day of January, 1862, the
defendant leased to the Troy and Boston Railroad all that part of
its line between Waterford Junction and Eagle Bridge.

This action was brought by the Attorney-General to vacate
the charter of the Albany and Vermont Railroad Company,
for a non-user of that portion of its line leased to the Troy and
Boston Railroad. Shortly after the commencement of the action,
the Troy and Boston road moved for an order that it be made a
party defendant to said action, upon the ground that it was the
lessee of a large part of the real estate of said Albany and Vermont
Railroad, and that its title to such real estate would be destroyed
in case the plaintiff should obtain the judgment asked for in the
complaint.

The motion was granted by the Special Term, and the plaintiff
appealed to this court.

*E. W. Paige,* for the appellant.

*Esek Cowen,* for the Troy and Boston Railroad Company.

LEARNED, P. J.:

This action was commenced in the name of the people by their Attorney-General, and with the leave of this court first had, to obtain a judgment, as expressed in the complaint, that the defendant, a corporation of this State, has forfeited its corporate rights, privileges and franchises; that it be excluded therefrom, and that the corporation be dissolved.

On the application of the Troy and Boston Railroad Company, the Special Term ordered that that company be made a party defendant; that the plaintiffs should amend the summons and complaint accordingly, and insert proper allegations in the complaint for that purpose, and serve the same on that company, and that all proceedings should be stayed until twenty days after such service.   The plaintiffs appeal.

The respondent insists that it is entitled to this order under the second sentence of section 452, New Code.   This is section 122, subdivision 2, Old Code, amended.   The respondent claims that in 1862, the Albany and Vermont Railroad Company leased to the respondent a portion of its railroad with the lands, superstructure and all property thereon, during such period as the said companies should continue railroad corporations, at the yearly rent of one dollar.   By this lease the Albany and Vermont Railroad Company, the party of the first part, reserved at all times the right to abandon the demised road, in case it should become requisite in order to protect the party of the first part in the full enjoyment of the part not demised.

It was further agreed, that if the party of the first part should exercise these reserved rights without the same being requisite as aforesaid, it should incur no liability; and that the lease was executed entirely at the risk of the party of the second part, and without any covenant, express or implied, of the party of the first part.   The party of the first part further agreed, on the expiration of the demise, to release to the party of the second part all its rights in the demised premises.   Subsequently the Albany and Vermont Railroad Company did abandon, by amended articles, that part of their railroad.

This action is brought, under section 430, Old Code, which affords a substitute for the writ of *quo warranto*, and for informa-

tion in the nature of such writ. (Section 428.) An information was properly, in its origin, a criminal proceeding. (4 Bl., 312.) And from this fact it may be seen that a suit of this kind is strictly a matter between the people and the corporation, which concerns no one else. The State granted the franchise, and the State seeks to annul it on the ground of forfeiture.

This is a subject with which no one has any concern but the State, and the corporation defendant. The right to be a corporation cannot be transferred by the body on which it is bestowed. And, therefore, no other person than that body has a right to contest the question of forfeiture. A corporation, by making numerous contracts with different persons, cannot give them the right to contest an action brought by the State to annul the corporate rights for a forfeiture.

The position of the respondent is, that because it is a lessee of real estate belonging to the defendant, it has a right to be a defendant in this action. Would it be claimed that, if an action were brought by the people to annul the charter of a manufacturing corporation, every person who rented a tenant-house from it must, on request, be made a party?

Again, the respondent insists that, inasmuch as its lease is to continue during the corporate existence of both companies, it has an interest in real property, the title to which may be affected by the judgment. In fact, however, by the very terms of the lease, on the expiration of the demise, the Albany and Vermont Railroad Company are to release the property to the respondent. And, therefore, so far as the agreement of the parties is concerned, the respondent's interests are not affected by the expiration of the lease. But suppose that the respondent is a lessee of property, which lease expires by its terms with the corporate existence of some corporation, may the respondent litigate with the State the question of forfeiture of such corporation? Suppose that. this present lease, by its terms, were to continue during the corporate existence of Union College?. If an action were brought to annul the charter of Union College, could the respondent claim to be made a party because its lease was to expire with the corporate existence of that college? Clearly not.

And so, in this present case, neither as a mere tenant, nor as a

lessee of lands by a lease which is to continue during the corporate existence of this defendant, has the respondent any right to interfere in the question here to be litigated. That is, whether the defendant has forfeited its franchises. Whether such forfeiture, if any should be found, can take away any rights of the respondent is a matter which must be tried in some other litigation.

If, by authority of some other statute, special or general, one corporation should legally assign some of its *franchises* to another, then it would seem that the franchises, thus legally assigned, could be annulled only by an action against the corporation to whom they have been assigned. Its rights would be unaffected by an action against the other corporation. So that, as it seems to us, if the respondent has legally acquired any franchises, these are not put in jeopardy by this action.

And, without passing on the question, we may further say, that generally the views expressed in *Webster* v. *Bond,* (16 S. C., N. Y., 437,) in regard to the application of section 122 of the Old Code should apply to section 452 of the New.

For these reasons, the order appealed from should be reversed, with $10 costs and printing disbursements.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Order reversed, with $10 costs and printing, and motion denied, with $10 costs.